UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
Kenneth Weisman

                Plaintiff,

-against-

BNP PARABUS;
And Liberty Life Assurance Company of Boston

                Defendants.
---------------------------------------------------X

**COMPLAINT**
Civil Action
Docket #

**SUMMONS ISSUED**

**CV 13 4381**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 02 2013 ★
LONG ISLAND OFFICE

FEUERSTEIN, J

TOMLINSON, M

Plaintiff Kim Evans, complaining of the defendant, by her attorneys,

GREY & GREY, L.L.P., respectfully alleges and shows this Court;

**Statement of Jurisdiction**

1. That this action arises under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), U.S.C., Title 29 § 1132(e) as hereinafter more fully appears.

**Facts**

2. That prior to October 5, 2004, the plaintiff, who resides a̱ ˍˍˍˍ ˍˍˍ Bay Ave., Brightwaters, NY, was employed by BNP PARABUS. and/or its subsidiaries and predecessor corporations (hereinafter collectively referred to as "**BNP**").

3. As a **BNP** employee he was the beneficiary of a Long Term Disability Policy administered by LIBERTY LIFE ASSURANCE of Boston (Hereinafter referred to as " **LIBERTY** ),

5       That upon information and belief, Defendant **BNP,** as part of their employee benefit plan, adopted and/or issued a group long-term disability benefits policy issued and/or administered by Defendant LIBERTY .

6.      That upon information and belief Defendants issued a long-term disability benefits policy, which is subject to the provisions of ERISA.

7.      That upon information and belief, at all times hereinafter mentioned, the plaintiff was a qualified and vested participant under Defendants' Group Long Term Disability Plan and/or Policy.. (hereinafter referred to as "**The Plan**"

8       That upon information and belief, Defendant LIBERTY was the administrator of **The Plan**.

9.      That the plaintiff was a beneficiary under **The Plan**.

10.     That on or about April 28, 2010 , the plaintiff became disabled within the provisions of **The Plan**.

11.     That upon information and belief, the plaintiff has fully complied with all the conditions precedent for receipt of long-term disability benefits issued by Defendants..

12.     That upon information and belief, all of the benefits due to the plaintiff in accordance with the policy issued by Defendants were and are vested and nonforfeitable.

13.     That upon information and belief, the Plaintiff's claim for long-term disability benefits is claim #2515129.

14.     That BNP and LIBERTY accepted claim #2515129 and paid the claimant for a period of disability commencing April 28, 2009

15    Thereafter Defendant's commenced a review of plaintiff's claim for continuing long-term disability benefits and provided a letter dated September 6, 2011 which denied benefits as of September 7, 2011, advising that claimant is not disabled.

16.   That the plaintiff provided a timely appeal of Defendants denial of his claim for continuing long-term disability benefits and submitted additional medical, vocational and testimonial evidence for review.

17.   That on or about June 14, 2012, Defendant LIBERTY upheld its decision to deny the plaintiff's claim for continuing long-term disability benefits finding that he is not medically disabled despite his history of neck surgery and unremitting pain and loss of function..

18.   That June 14, 2012 letter advised the plaintif that the prior denial was upheld and no further administrative appeals were available. Therefore, denial of the plaintiff's claim for continuing long-term disability benefits subsequent to September 6, 2011 by Defendants became administratively unappealable under "THE PLAN".

19.   That upon information and belief, the plaintiff has exhausted all the Administrative remedies established by Defendants.

20.   That the plaintiff has been and remains disabled within the meaning of **THE PLAN**.

## First Cause of Action

## Action for Erisa Benefits

21.     That the defendants have wrongfully, and in a arbitrary and capricious manner, denied the plaintiff the employee welfare benefits due to him pursuant to THE PLAN under claim #2515129   in violation of the provisions of ERISA.

## Second Cause of Action

## Breach of Fiduciary Duty

22.     That the plaintiff repeats and realleges each and every allegation contained in the paragraphs numbered "1" through "21" herein with the same force and effect as though each was fully set forth at length below.

23.     That Defendants had a duty to fairly, properly, equitably and justly administer its long term disability benefits pursuant THE PLAN

24.     That by wrongfully denying the plaintiff the long-term disability benefits for which he was eligible, Defendants breached it fiduciary duty as the plan's administrator.

## Third Cause of Action

## Breach of Contract

25.     That the plaintiff repeats and realleges each and every allegation contained in the paragraphs numbered "1" through "24" herein with the same force and effect as though each was fully set forth at length below.

26.     That "The Plan" issued by Defendants constituted a contract between the plaintiff and the defendants.

27.     That the defendants' decision to deny the plaintiff continuing long-term

disability benefits under policy #301954 constituted a breach of said contract.

**WHEREFORE,** the plaintiff requests judgement against the defendant as follows:

1. Payment of all benefits due under the terms of the long-term disability benefits policy issued by Defendants.

2. Payment of continuing benefits under the terms of the policy.

3. A declaration that all rights and benefits due to the plaintiff are vested and Non-forfeitable or, in the alternative, a monetary judgment in the amount of all sums due and owing.

4. Prejudgment interest from the time the plaintiff's benefits were denied.

5. Attorneys' fees, court costs and all other reasonable costs incurred.

6. Such other and further relief as this Court may deem just and proper.

Dated: Farmingdale, NY

July 30, 2013

*[signature]*

Ronald L. Epstein
ST-1984
**GREY & GREY, L.L.P.**
Attorneys for the Plaintiff
360 Main Street
Farmingdale, NY 11735
(516) 249-1342